| | | |
|---|---|---|
| MIKO SQUIRE<br>2911 Rayshire Road<br>Baltimore, Maryland 21230 | *<br>*<br>* | IN THE<br><br>CIRCUIT COURT |
| Plaintiff | * | FOR |
| v. | * | BALTIMORE CITY |
| FEDEX FREIGHT, INC.<br>2200 Forward Drive<br>Harrison, Arizona 72601 | *<br><br>* | Case No. |
| Serve On: | * | |
| Corporation Trust, Inc.<br>2405 York Road<br>Suite 201<br>Lutherville, Maryland 21093-2264 | *<br><br>*<br><br>* | |
| and | * | |
| TERRIKA MARTIN<br>8202 Gorman Avenue<br>Apt. 247<br>Laurel, Maryland 20707 | *<br><br>*<br><br>* | |
| Defendants | * | |

2017 OCT 25 AM 9: 27

CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Miko Squire, Plaintiff, by and through his attorneys, Jennifer S. Lubinski and the Heyman Law Firm, files this Complaint for Damages (the "Complaint") pursuant to the Maryland Fair Employment Practices Act ("FEPA"), MD. CODE ANN., STATE GOV'T § 20-601 *et seq.*, against Defendants, FedEx Freight, Inc. and Terrika Martin, and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Miko Squire is a resident of Baltimore City, Maryland.

2. Defendant FedEx Freight, Inc. ("FedEx") is believed to be a corporation formed pursuant to the laws of Arkansas with its principle place of business in Arkansas. FedEx regularly conducts business in the state of Maryland.

3. Defendant Terrika Martin ("Martin") is believed to be an employee of FedEx and is further believed to be a resident of the state of Maryland.

4. Plaintiff was employed by FedEx from January, 2014 through March 20, 2017 as a truck driver. In March, 2017 Plaintiff's employment was terminated based upon his gender identity, sex and/or sexual orientation in violation of MD. CODE ANN., STATE GOV'T § 20-606.

## FACTS COMMON TO ALL COUNTS

5. Plaintiff was born female but has lived his entire adult life as a male. Plaintiff identifies as male and is married to a woman.

6. Plaintiff's birth gender does not appear on his birth certificate or on other documents ordinarily provided to employers as part of the hiring process.

7. Plaintiff was hired by FedEx as a truck driver in January, 2014. Plaintiff worked for FedEx for more than two years without difficulty or complaints about his job performance.

8. In August, 2016, Plaintiff underwent the final stage of gender reassignment surgery, which required that he have a hysterectomy. Plaintiff required time off from work to have this surgery and to recuperate afterwards. He submitted a request for time off to his employer through a Human Resources representative, Martin.

9. Upon information and belief, Martin was made aware, either through the paperwork submitted in connection with Plaintiff's request for time off from work or through the medical records submitted to his short term disability insurer, that Plaintiff underwent a hysterectomy in August, 2016 and had therefore been born female. On at least one occasion,

Martin counseled Plaintiff to avoid reporting the hysterectomy on paperwork submitted to the Department of Transportation once Plaintiff returned to work after his surgery.

10. When Plaintiff returned to work in October, 2016, he was singled out for discipline and criticism despite the fact that he was performing his job duties as he had before his surgery. Plaintiff was concerned that he was being treated differently based upon his gender, gender identity, and/or his sexual orientation which had been made known to Martin.

11. In fact, in October, 2016 Plaintiff attended a workplace meeting concerning health insurance and other employment benefits which Martin led, as a human resources representative. Despite the fact that there were no female employees at the meeting other than Martin, Martin specifically discussed the availability of insurance benefits for hysterectomy procedures.

12. Plaintiff became the subject of harassment and criticism by his supervisors at FedEx and began to suspect that Martin had revealed information concerning his gender, gender identity and/or sexual orientation to other employees and that he was being treated differently as a result. He raised his concerns about this with Martin. Martin told him that he should not have been subject to discipline based on the factual circumstances of each disciplinary incident.

13. On March 20, 2017 Plaintiff was working the 9:30 a.m. shift. Upon completing his shift, Plaintiff prepared to leave the workplace when he was told that he would have to work an extra shift. Plaintiff was unable to work another shift that day because he had a doctor's appointment scheduled for later that afternoon.

14. FedEx's "extra work" policy requires that overtime work assignments be doled out based upon seniority. In other words, extra work shifts are generally assigned to drivers on any given shift who have worked fewer years for FedEx than other drivers on that shift.

3

15. When Plaintiff was asked to work an additional shift on March 20, 2017, he advised that he was not able to work because he had an existing doctor's appointment, and further he advised that there were other drivers available to work the shift who were less senior than Plaintiff.

16. Plaintiff was suspended from work on March 20, 2017 and told not to report to work for several days. Plaintiff was advised at that time that it is allegedly against FedEx's policies and procedures to refuse an extra work assignment.

17. Plaintiff was not aware of any such policy and neither were any of the other drivers on Plaintiff's shift. No such policy appears in FedEx's online written policies and procedures manual, which is several hundred pages long when printed. In fact, FedEx has no such policy, and its claim that Plaintiff violated the policy by refusing to work extra time is a pretext for discrimination.

18. Plaintiff was in fact terminated from his employment because his employer, FedEx, was made aware by its employee, Martin, that Plaintiff had been born a woman, had recently undergone the final stage of gender reassignment, and was married to a woman. These actual bases for Plaintiff's termination violate MD. CODE ANN., STATE GOV'T § 20-606.

19. Plaintiff has fully exhausted his administrative remedies. A copy of the "right to sue" letter issued to him by the Equal Employment Opportunity Commission is attached hereto as Exhibit One.

**COUNT ONE**
*Violation of Maryland Fair Employment Practices Act,*
*MD. CODE ANN., STATE GOV'T § 20-601 et seq.*

20. Plaintiff hereby incorporates each of the preceding paragraphs as if fully set forth herein.

4

21. At all relevant times, Plaintiff was an "employee" as defined by FEPA.

22. FedEx is an "employer" as defined by FEPA and has engaged in unlawful employment practices and unlawful employment discrimination, including terminating Plaintiff's employment based upon Plaintiff's gender, gender identity, and/or sexual orientation.

23. Martin is an agent of Defendant FedEx, is an employee of Defendant FedEx, and personally engaged in the discriminatory conduct alleged herein.

24. On or about March 20, 2017, FedEx and Martin discharged Plaintiff from employment based upon his gender identity, gender, and/or sexual orientation.

25. Further, FedEx and Martin's termination of Plaintiff on or about March 20, 2017 was in retaliation for Plaintiff's legitimate exercise of his civil rights, in complaining that he was being treated differently and unfairly based upon his gender identity, gender, and/or sexual orientation.

26. Defendants' actions were intentional, wrongful, and malicious.

27. As a result of Defendants' wrongful conduct herein described, Plaintiff has been significantly damaged and is entitled to an award of compensatory damages, punitive damages, attorney's fees, costs, and other appropriate relief.

WHEREFORE, Plaintiff, Miko Squire, respectfully requests that this Court enter judgment in his favor in an amount not exceeding Seventy-Five Thousand Dollars ($75,000.00) for compensatory and punitive damages, as well as an award of attorney's fees and the costs of this action, and such additional and further relief as the Court may deem appropriate.

Respectfully submitted,

*[signature]*

Jennifer S. Lubinski
Heyman Law Firm
201 N. Charles Street
Suite 1100
Baltimore, Maryland 21201
Tel: (410) 762-0140
Fax: (410) 762-0142
jlubinski@heymanfirm.com
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues thus triable herein.

*[signature]*

Jennifer S. Lubinski

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Miko Squire
2911 Rayshire Road
Baltimore, MD 21230

From: Baltimore Field Office
10 South Howard St
3rd Floor
Baltimore, MD 21201

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 531-2017-01528 | Phillip Hoefs, Investigator | (410) 209-2728 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Rosemarie Rhodes,
Director

AUG 10 2017
(Date Mailed)

Enclosures(s)

cc: Alex Boals
Sr. Attorney
FEDEX FREIGHT, INC
1715 Aaron Brenner Drive
Fedex Freight Suite 600
Memphis, TN 38120

# IMPORTANT NOTICE

# REGARDING YOUR PRIVATE SUIT RIGHTS

Should you wish to obtain a copy of the administrative file for this charge, please write to the following address to make such a request. You must do so within the above referenced 90-day period, which can be extended if you do file a lawsuit in court concerning this matter. Please be advised that there may be a fee if you make such a request for file disclosure. Furthermore, please note that failure to received requested documents in a timely manner does not extend the time-period for filing a lawsuit.

File Disclosure Unit
EEOC-Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107

or

email: philfoia@eeoc.gov