## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| MIKO SQUIRE | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:17-cv-03597 MJG |
| | | Hon. Marvin J. Garbis |
| FEDEX FREIGHT, INC. | * | |
| Defendant. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FEDEX FREIGHT, INC.'S PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Plaintiff Miko Squire filed an Amended Complaint against FedEx Freight, Inc. ("FedEx").  Plaintiff's sole count in the Amended Complaint alleges discrimination and retaliation based on gender, gender identity, and/or sexual orientation under the Maryland Fair Employment Practices Act, State Gov't §§ 20-601, *et. seq.* ("MFEPA").   FedEx seeks dismissal[1] of Plaintiff's retaliation and sexual orientation claims as exceeding the scope of the EEOC charge filed by Plaintiff.  (EEOC charge is attached hereto as Ex. A).[2]

---

[1] FedEx is contemporaneously filing its Answer to Plaintiff's Amended Complaint as to the claims it is not moving to dismiss.

[2] The Court may consider the EEOC charge without converting the motion to dismiss into one for summary judgment.  *Garrison v. McCormick & Co.*, 2010 U.S. Dist. LEXIS 64920, at *4 n.2 (D. Md. June 30, 2010) (Judge Motz).  The Amended Complaint alleges that Plaintiff exhausted his administrative remedies and attached to it is a copy of the Right to Sue arising out of the EEOC charge.  (Amended Complaint at ¶ 18 and Exhibit 1 thereto).  The EEOC charge is not attached but it is clearly integral to the allegations in the Amended Complaint.

## I.   STATEMENT OF FACTS[3]

Plaintiff, who was born a female but has lived his entire adult life as a male, is a former employee of FedEx who was terminated from his job as a truck driver in or about March 2017.  (Amended Complaint at ¶¶ 3-4, 6, 23).  Plaintiff received a Right to Sue letter from the EEOC dated August 10, 2017.  (*Id.* at ¶ 18 and Ex. 1 thereto).

In his Amended Complaint, Plaintiff claims that FedEx discriminatorily and retaliatorily terminated him based upon his gender identity, gender, and/or sexual orientation.  (*Id.* ¶¶ 23-24*).*  Plaintiff's sole count in the Amended Complaint alleges that this discrimination and retaliation violated the Maryland Fair Employment Practices Act.  (*Id.* at Count One).

## II.   STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  Rule 8 requires that "the plaintiff . . . allege facts that support each element of the claim advanced."  *Cepada v. Bd. of Educ. of Baltimore Cnty.*, 814 F. Supp. 2d 500, 508 (D. Md. 2011) (Judge Quarles) (citing *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003)).

The purpose of a motion to dismiss pursuant to Federal Rule 12(b)(6) is to test the sufficiency of a complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  A sufficient showing requires something more than "blanket assertions" that the plaintiff is entitled to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).  To survive a motion to dismiss under this standard, a complaint must consist of more than "a formulaic recitation of the elements

---

[3] As required, the Statement of Facts in this Memorandum in Support of Defendants' Motion to Dismiss presumes the truth of the allegations in Plaintiff's Amended Complaint.

of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678.

When considering a 12(b)(6) motion to dismiss, this Court must "accept the well-pled allegations of the complaint as true," and construe all factual allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). This Court, however, is not required to accept unsupported legal allegations, legal conclusions couched as factual allegations, or "unwarranted inferences, unreasonable conclusions or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Nor is this Court required to accept conclusory factual allegations lacking reference to actual events. *Randolph v. ADT Sec. Servs., Inc.*, 701 F. Supp. 2d 740, 743 (D. Md. 2010) (Chasanow, J.) (citations omitted). *Iqbal* and *Twombly*, therefore, require that Plaintiff's Amended Complaint set forth facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs motions to dismiss for failure to exhaust administrative remedies, which deprives the court of subject matter jurisdiction. *Clarke v. Dyncorp Int'l LLC*, 2013 U.S. Dist. LEXIS 117546, at *9-10 (D. Md. Aug. 20, 2013) (Judge Motz) (citation omitted).

## III.    LEGAL ANALYSIS

### The Court Should Dismiss Plaintiff's Retaliation And Sexual Orientation Claims Because They Exceed The Scope Of Plaintiff's EEOC Charge.

The Court should dismiss Plaintiff's retaliation claim and sexual orientation claims against FedEx because they are beyond the scope of Plaintiff's EEOC charge, which makes no reference to retaliation or sexual orientation discrimination, nor does it include allegations supporting the reasonable inference of such conduct. *See Balas v. Huntington Ingalls Inds.*, 711 F.3d 401, 407-08 (4th Cir. 2013) ("In determining what claims a plaintiff properly alleged before

the EEOC, [courts] may look only to the charge filed with that agency."); *see also Ward v. STG Int'l, Inc.*, 2016 U.S. Dist. LEXIS 76934, at \*8 (D. Md. June 14, 2016) (Judge Grimm) (citations omitted) (dismissing racial discrimination claim that was not part of administrative claim); *Williams v. Balt. Cty.*, 2016 U.S. Dist. LEXIS 32124, at \*36-38 (D. Md. Mar. 11, 2016) (citations omitted) (Judge Hollander) (same).  Since the MFEPA is the state analogue of Title VII, these federal cases interpreting Title VII guide interpretation of the MFEPA.  *Davenport*, 38 F. Supp. 3d at 691.

Plaintiff's EEOC charge is entirely devoid of any reference to retaliation.  The "Retaliation" box is not checked.  Ex. 1. Furthermore, the section of the Charge headed "THE PARTICULARS ARE" contains absolutely no reference either to the term "retaliation" or to any conduct that Plaintiff contends constituted retaliation.  *Id.*  To be clear, Plaintiff's Amended Complaint alleges that Plaintiff's discharge constituted retaliation.  Plaintiff alleges that he was discharged on or about March 20, 2017 before he filed the EEOC charge on May 11, 2017 (Amended Complaint at ¶ 23; Ex. 1), there is no allegation of any other protected activity, and the Amended Complaint makes no allegation that the filing of the charge led to any retaliation (and could not have since Plaintiff was discharged before it was filed) (Amended Complaint at ¶ 23). The retaliation claim must fail because there is no retaliation if the alleged materially adverse action occurred *before* Plaintiff engaged in protected activity.  *See Hall v. Greystar Mgmt. Servs., L.P.*, 637 F. App'x 93, 98 (4th Cir. 2016) (retaliatory conduct must come after protected activity); *Nichols v. Comcast Cablevision of Md.*, 84 F. Supp. 2d 642, 657-58 n.21 (D. Md. 2000) (Judge Nickerson) (same).  The Court should dismiss Plaintiff's retaliation claim.  *See Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd* 566 U.S. 30 (2012) (retaliation claim

requires sufficient allegations of protected activity, materially adverse action, and causal connection).

Plaintiff's entire charge also is devoid of any reference to sexual orientation discrimination. Indeed, Plaintiff is very specific as to the type of discrimination he is alleging: ("I believe that I have been discriminated against due to my sex **(Gender Identity/Transgender)**...." (Emphasis Added). Thus, the Court should dismiss Plaintiff's sexual orientation discrimination claim because his charge only alleges sex discrimination (gender identity/transgender).

## IV.    CONCLUSION

For the reasons set forth above, FedEx respectfully request that the Court dismiss Plaintiff's retaliation and sexual orientation claims.

Respectfully submitted,

FEDEX FREIGHT, INC.

/s/ Timothy S. Bland
Timothy S. Bland, #015376
Senior Counsel
1715 Aaron Brenner Drive
Suite 600
Memphis, TN 38120
(901) 434-3318-Direct
(901) 434-3190-Fax
timothy.bland@fedex.com


/s/ Garrett Wozniak
Eric Paltell, #04876
J. Garrett Wozniak, #18919
Kollman & Saucier, P.A.
The Business Law Building
1823 York Road
Timonium, Maryland 21093
Phone: (410) 727-4300
Fax: (410) 727-4391
epaltell@kollmanlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th of February 2018, a copy of the foregoing Memo of Points and Authorities in Support of Defendant FedEx Freight, Inc's Partial Motion to Dismiss Plaintiff's Amended Complaint was filed electronically.   Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.   Parties may access this filing through the court's system.

/s/ Timothy S. Bland
Timothy S. Bland

FedEx Freight, Inc.
1715 Aaron Brenner Drive
Suite 600
Memphis, TN 38120
(901) 434-3318-Direct
(901) 434-3190-Fax